```
                  IN THE UNITED STATES DISTRICT COURT
               FOR THE WESTERN DISTRICT OF PENNSYLVANIA
                                    )
DAVE ASQUE,                         )
                                    )
          Plaintiff                 )
                                    )
     vs.                            )  Civil Action No. 07-294
                                    )
COMMONWEALTH, ALLEGHENY COUNTY,     )  Judge Joy Flowers Conti/
and HEATHER KELLY, Assistant        )  Magistrate Judge Amy Reynolds Hay
District Attorney,                  )
                                    )
          Defendants                )
```

## REPORT AND RECOMMENDATION

### RECOMMENDATION

It is recommended that the complaint be dismissed before service, pursuant to the authority granted courts by the Prison Litigation Reform Act (PLRA), for failure to state a claim upon which relief can be granted.

### REPORT

Dave Asque, ("Plaintiff") is currently incarcerated at the Allegheny County Jail. Plaintiff has filed pro se a pre-printed form complaint, alleging a violation of 42 U.S.C. §1983. Complaint at ¶ III. He named two defendants: Allegheny County and Heather Kelly, an assistant District Attorney who is apparently the prosecutor on his case. His allegation is that his rights under Pa.R.Crim.P. 600 have been violated. Because he has alleged only a violation of state law and such violations fail to state a claim under the Civil Rights Act, his claim should be dismissed. In the alternative, his claim is barred by

Heck v. Humphrey, 512 U.S. 477 (1994).  Alternatively, he fails to allege a custom or policy as is required to state a claim against the County, and, as for the prosecutor, she enjoys absolute prosecutorial immunity.

**A. Applicable Legal Principles**

In the PLRA, Pub. L. No. 104-134, 110 Stat. 1321 (1996), Congress adopted major changes affecting civil rights actions brought by prisoners in an effort to curb the increasing number of oftentimes frivolous and harassing law suits brought by persons in custody.  See Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996).  The PLRA significantly amended the statutory provisions with respect to actions brought by prisoners who are proceeding in forma pauperis.  The amended version of the statute now reads that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid [by a prisoner granted IFP status], the court shall dismiss the case at any time if the court determines that– (A) the allegation of poverty is untrue; or  (B) the action or appeal– (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted;  or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).  Here, Plaintiff has been granted IFP status, and is a prisoner within the meaning of

28 U.S.C. § 1915.[1]  Thus, Section 1915(e)(2) is applicable herein.  Moreover, not only is a court permitted to sua sponte dismiss a complaint which fails to state a claim, but it is required to do so by the mandatory language of "the court shall dismiss" utilized by Section 1915(e).  See, e.g., Keener v. Pennsylvania Board of Probation and Parole, 128 F.3d 143, 145 n.2 (3d Cir. 1997) (describing 28 U.S.C. § 1915(e)(2)(B) as "the PLRA provision mandating sua sponte dismissal of in forma pauperis actions that are frivolous or fail to state a claim."); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000)("It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.").

In performing a court's mandated function of sua sponte reviewing complaints under 28 U.S.C. § 1915(e) to determine if they fail to state a claim upon which relief can be granted, a federal district court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).  See, e.g., Powell v. Hoover, 956 F.Supp. 564, 568 (M.D. Pa. 1997)(applying Rule 12(b)(6) standard to claim dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii));  Tucker v.

---

[1] The term "prisoner" as used in Section 1915 means "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."  28 U.S.C. § 1915(h).

Angelone, 954 F.Supp. 134, 135 (E.D. Va.) ("Under 28 U.S.C. §§ 1915A, 1915(e) and 42 U.S.C. § 1997e(c) the courts are directed to dismiss any claims made by inmates that 'fail to state a claim upon which relief could be granted'. This is the familiar standard for a motion to dismiss under Fed.R.Civ.P. 12(b)(6)."), aff'd, 116 F.3d 473 (Table) (4th Cir. 1997).

In reviewing complaints as mandated by 28 U.S.C. § 1915(e) and, consequently, utilizing the standards for a 12(b)(6) motion to dismiss, the complaint must be read in the light most favorable to the Plaintiff and all well-pleaded, material allegations of fact in the complaint must be taken as true. See Estelle v. Gamble, 429 U.S. 97 (1976). However, the court need not accept as true any legal averments or conclusions contained in the complaint. Papasan v. Allain, 478 U.S. 265, 286 (1986); Labovitz v. Washington Times Corp., 172 F.3d 897, 898 (D.C. Cir. 1999).

Dismissal is proper under Rule 12(b)(6) where the court determines that the facts alleged, taken as true and viewed in a light most favorable to the plaintiff, fail to state a claim as a matter of law. See, e.g., Gould Electronics, Inc. v. United States, 220 F.3d 169, 178 (3d Cir. 2000).

Furthermore, because Plaintiff is pro se, courts accord an even more liberal reading of the complaint, employing less stringent standards when considering pro se pleadings than when

4

judging the work product of an attorney.  <u>Haines v. Kerner</u>, 404 U.S. 519 (1972).

**B. Discussion**

    1. <u>State law claims are not cognizable under §1983</u>

In order to state a claim under Section 1983, a plaintiff must allege facts demonstrating that (1) the challenged conduct was committed by a person acting under color of state law and (2) the conduct infringed on Plaintiff's federal rights.  See <u>Piecknick v. Pennsylvania</u>, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

<u>Elkin v. Fauver</u>, 969 F.2d 48, 52 (3d Cir. 1992)("An alleged violation of state law, however, does not state a claim under section 1983.").

In Plaintiff's complaint, he simply alleges that

> I was incarcerated July 6-06, I've been incarcerated now for 8 month[s] on a charge I have not been tryed [sic] for.  My 180 day[s] are up.  It was up Jan.2 [2007] and the Commonwealth and the ADA are in clear violation of Rule 600 that no person shall be held in pre trial stage for no more then [sic] 180 days.

Complaint at ¶ IV.C.  It is clear that Plaintiff is alleging a violation of Pennsylvania Rule of Criminal Procedure 600.[2]  However, even if we assumed that Rule 600 were in fact violated, such a violation of a state rule of criminal procedure simply

---

[2] Pa.R.Crim.P. 600 provides in relevant part: "Trial in a court case in which a written complaint is filed against the defendant, when the defendant is incarcerated on that case, shall commence no later than 180 days from the date on which the complaint is filed." Pa.R.Crim.P. 600(A)(2).

does not establish a violation of Plaintiff's federal rights and, hence, fails to state a claim under Section 1983 because even where state law provides certain procedures should be followed, the state does not violate an individual's federal constitutional rights merely by deviating from its own established procedures. See, e.g., Olim v. Wakinekona, 461 U.S. 238, 250-51 (1983); United States v. Jiles, 658 F.2d 194, 200 (3d Cir. 1981)("'[T]he simple fact that state law prescribes certain procedures does not mean that the procedures thereby acquire a federal constitutional dimension. (citation omitted)'").  Here, Plaintiff is simply alleging a violation of state law which fails to state a claim. Williams v. City of Philadelphia, 1986 WL 4828, *1 (E.D. Pa. April 21, 1986) ("[F]ailure to follow Rule 1100 [i.e., the predecessor of Rule 600[3]] violates neither the Eighth Amendment nor any other constitutional guarantee.").  The holding of Williams is directly on point and should control here.  See also Kent v. Pennsylvania, 2004 WL 2406690, *3 (E.D.Pa. Oct. 21, 2004)("Rule 1100 is a state procedural rule that entitles a prisoner to release on bail (not dismissal) if held for more than 180 days before trial and, thus, violation thereof does not establish abridgement of Petitioner's Federal Sixth Amendment

---

[3]  "Former Rule 1100, Pennsylvania's speedy trial rule, was re-codified as Pa. R.Crim. P. 600 as of Apr. 1, 2001. *See Commonwealth v. Prout*, 814 A.2d 693, 694 n. 1 (Pa.Super. 2002)." Kim v. Klem, 2003 WL 22204549, *5 n.11 (E.D.Pa. July 31, 2003)

right to a speedy trial. *See Wells v. Petsock*, 941 F.2d 253, 256 (3d Cir.1991). Therefore Petitioner has failed to allege facts sufficient to make out a Constitutional claim."); Kim v. Klem, 2003 WL 22204549, *5 (E.D.Pa. July 31, 2003) ("Initially, it is noted that to the extent petitioner alleges a violation of Pennsylvania Rule of Criminal Procedure 1100 (since renumbered Rule 600) or the Pennsylvania Constitution, the Court may not address the merits of his claim because it is not cognizable in a habeas petition."); Blackwell v. Larkins, 1998 WL 401752, *5 (E.D.Pa. July 6, 1998)("The contention that the petitioner has been denied a speedy trial under PA. R. CRIM. P. 1100 does not state a claim under the United States Constitution."); Cooper v. Vaughn, 1993 WL 264699, *3 (E.D. Pa. June 30, 1993)("Claims which arise under Rule 1100 are, therefore, state law claims; as such, they provide no ground for federal habeas relief.").[4]

2. *Heck* bars this suit

Alternatively, to the extent that Plaintiff intends by his claimed violation of Rule 600 to also be raising a claimed violation of his Sixth Amendment right to a speedy trial, or to

---

[4] While Kent, Kim, Blackwell, and Cooper all involved habeas petitions, the reasoning contained therein is equally applicable herein because those cases reasoned that federal habeas relief depends upon establishing a violation of federal rights, which was lacking even if a violation of Rule 1100 or Rule 600 were established. The requirement under federal habeas that a petitioner establish a violation of his federal rights is sufficiently similar to the requirement that a Section 1983 plaintiff establish a violation of his federal rights that these habeas cases clearly support the result herein.

the extent that a violation of such a state rule necessarily implicates a violation of any federal right, such a claim would be barred by Heck v. Humphrey, 512 U.S. 477 (1994), which prevents an indirect attack on the validity of a conviction via a civil rights suit unless the conviction, has, in effect, been overturned.

In Heck, a state prisoner convicted of voluntary manslaughter brought a civil rights action against prosecutors and a police investigator, asserting that the defendants, acting under color of state law, had engaged in an unlawful, unreasonable and arbitrary investigation, leading to Heck's arrest, had knowingly destroyed evidence that could have proven Heck's innocence, and had caused an illegal voice identification procedure to be used at his state trial. Heck, 512 U.S. at 479. The High Court rebuffed such an effort and held as follows:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

Heck, 512 U.S. at 486-87 (footnote omitted).

If Plaintiff were successful in his claim that delay in his trial caused a violation of his Sixth Amendment speedy trial or any other federal right, then such a claim would necessarily call his conviction into question. See, e.g., Josey v. Texas Dept. of Public Safety, 101 Fed.Appx. 9, 10 (5th Cir. 2004)("by raising his speedy-trial argument, Josey is contesting his continued confinement.  Because Josey's continued confinement has not been remedied by any of the procedures listed in *Heck*, his speedy-trial claim also is not cognizable under 42 U.S.C. § 1983.");  Thomas v. Pugh, 9 Fed.Appx. 370 (6th Cir. 2001)(finding a pre-trial detainee's § 1983 claim that he was denied a speedy trial to be barred by Heck); Jacobsen v. Maricopa County, 2005 WL 2738402, *2 (D. Ariz. Oct. 20, 2005)("Plaintiff's speedy trial and unfounded charges claims are therefore barred by *Heck*. Both claims necessarily imply the validity of any conviction that might potentially result from the pending charges. Plaintiff can bring a § 1983 claim only if the charges against him are dismissed, or if he is convicted and has the conviction set aside. Until that time, his § 1983 action is premature and fails to state a claim upon which relief may be granted.").

 That Plaintiff's claims necessarily call into question his charges is made even more clear by the fact that he seeks, by way of relief, *inter alia*, "expungement of [his] record."  Complaint

at ¶ VI. Hence, because Plaintiff's claims necessarily call into question the validity of the charges against him, his claims must be dismissed under Heck.

The Heck bar would apply whether Plaintiff is still a pre-trial detainee or whether he has already been convicted of the charges for which he is currently incarcerated. Smith v. Holtz, 87 F.3d 108, 113 (3d Cir. 1996)("In terms of the conflicts which *Heck* sought to avoid, there is no difference between a conviction which is *outstanding* at the time the civil rights action is instituted and a *potential* conviction on a pending charge that may be entered at some point thereafter.  Because of these concerns, we hold that a claim that, if successful, would necessarily imply the invalidity of a conviction on a pending criminal charge is not cognizable under § 1983.").

        3.   No policy is alleged against the County

Alternatively, the complaint fails to state a claim against the County because Plaintiff failed to allege the existence of any policy, custom or practice, which is required in order to state a claim upon which relief can be based against the County. Orama v. New Jersey, 196 Fed.Appx. 118, 119-20 (3d Cir. 2006)("To state a claim against a county or its agency under § 1983, the plaintiff must allege a policy or custom promulgated by that body's officers that directed or caused a constitutional deprivation.  Assuming, arguendo, that Orama has properly alleged

a constitutional violation, he has not alleged a policy or custom of MCOTA that led to that violation.")(citation omitted); Boatner v. Hinds, 137 Fed.Appx. 499, 502 (3d Cir. 2005)("A government entity may be liable for the actions of its employees only if the plaintiff identifies a policy or custom that amounts to deliberate indifference to individual rights. Because in neither case does Boatner allege any policy or custom that caused the alleged violation, he fails to state a claim.")(citations omitted).  Hence, the complaint fails to state a claim against the County.

        4.    ADA Kelly enjoys absolute immunity from suit

The only thing Plaintiff alleges against ADA Kelly is that "I've written the ADA and they fail to give me an answer." Complaint at ¶ III.C.  However, the mere failure of the ADA to respond directly to a letter sent from Plaintiff, a criminal defendant who was represented at the time of the letter, simply does not violate any of Plaintiff's federal rights.  Bermudez v. Duenas, 936 F.2d 1064, 1066-67 (9th Cir. 1991)(plaintiff "Bermudez also contends he sent letters to the Correctional Director, the Correctional and Associate Wardens, and his social worker/case worker in November and December 1988 requesting that they inform him of any action taken on his parole application. He further contends that they either failed to respond or failed to respond in a timely fashion. . . .  The prison officials'

11

alleged failure to respond to Bermudez's letters does not rise to the level of a constitutional violation."); Ghent v. United States Dept. of Justice, 1997 WL 22895, at *2 (D.D.C. Jan. 15, 1997)("Yet even after making all reasonable inferences in favor of Ghent, it is apparent that he has failed to state a claim on which relief can be granted.  At most, he alleges only that defendants were rudely remiss in failing to respond promptly to his letters . . . ."), aff'd, 1997 WL 634548 (D.C. Cir. Sept. 8, 1997)(per curiam).

Even if we assumed that the actions or inactions on the part of the Assistant District Attorney violated some of Plaintiff's federal rights, as the prosecutor, she would enjoy absolute prosecutorial immunity. Prosecutors enjoy absolute immunity from Section 1983 suits seeking money damages for actions taken by the prosecutor that are "intimately associated with the judicial process." Imbler v. Pachtman, 424 U.S. 409, 430 (1976).

Not only is a prosecutor absolutely immune for actions intimately associated with the judicial process, but any administrative or investigative actions taken after a criminal prosecution has been initiated that are necessary for maintaining the criminal prosecution are entitled to absolute prosecutorial immunity as well. See, e.g., Ireland v. Tunis, 113 F.3d 1435, 1447 (6th Cir. 1997)("Absolute prosecutorial immunity will likewise attach to administrative or investigative acts necessary

for a prosecutor to initiate or maintain the criminal prosecution."). Here, it is clear that Plaintiff seeks to hold ADA Kelly liable for her role in Plaintiff not being granted relief under Pa.R.Crim.P. 600 by her not responding to his letter. ADA Kelly's actions in prosecuting Plaintiff or failing to prosecute him within the period required by Rule 600 are clearly actions intimately associated with the judicial process, and hence, she enjoys absolute immunity from suit. Thus, even if Plaintiff's allegation concerning Defendant Kelly's failure to respond to Plaintiff's letter about the alleged Rule 600 violation implicates merely an administrative function, in fact, Defendant Kelly's failure to respond falls within the ambit of absolute prosecutorial immunity as well. Communicating with a defendant or defense counsel or a prosecutor's refusal to directly communicate with a represented defendant, constitutes an administrative act necessary for a prosecutor to maintain the criminal prosecution in accordance with ethical standards. <u>See</u>, <u>e.g.</u>, <u>Texas v. Cobb</u>, 532 U.S. 162, 178 (2001)(Breyer, J., dissenting)("ABA Model Rule of Professional Conduct 4.2 (2001) (lawyer is generally prohibited from communicating with a person known to be represented by counsel 'about the subject of the representation' without counsel's 'consent'); Green, A Prosecutor's Communications with Defendants: What Are the Limits?, 24 Crim. L. Bull. 283, 284, and n. 5 (1988) (version of

13

Model Rule 4.2 or its predecessor has been adopted by all 50 States)"). Hence, the complaint fails to state a claim against Defendant Kelly upon which relief can be granted.

Accordingly, for any or all of the foregoing reasons, the complaint should be dismissed.

CONCLUSION

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report.  Any party opposing the objections shall have seven (7) days from the date of service of the objections to respond thereto.  Failure to timely file objections may constitute a waiver of any appellate rights.

                                      Respectfully submitted,

                                      /s/ Amy Reynolds Hay
                                      United States Magistrate Judge

Dated: 2 April, 2007

cc:   Hon. Joy Flowers Conti
      United States District Judge

      Dave Asque
      #40261
      Allegheny County Jail
      950 Second Avenue
      Pittsburgh, PA 15219-3100